**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Realty Capital Properties Incorporated,<br><br>                Plaintiff,<br><br>v.<br><br>Jeffrey C. Holland, et al.,<br><br>                Defendants. | No. CV14-0673 PHX-DGC<br><br>**ORDER** |

This morning, the Court held a hearing on Plaintiff's amended application for a temporary restraining order ("TRO"). Doc. 10. For the reasons set forth below, the Court will deny Plaintiff's application.

A TRO may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff has not shown that it is likely to succeed on the merits.[1]

Defendant Jeffrey Holland formerly worked as an executive at Plaintiff ARCP, which manages and markets investments in Real Estate Investment Trusts ("REITs").

---

[1] The Ninth Circuit test for injunctive relief includes a sliding scale. If a plaintiff shows that the balance of hardships tips sharply in its favor, the existence of serious questions may be sufficient. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). Plaintiff has not argued that this test is satisfied, and, given the clear Maryland and Arizona law cited below, the Court doubts that serious questions have been raised.

Plaintiff asks the Court to restrain Defendant Holland from making contact with Plaintiff's clients for purposes of marketing Defendant Carlyle's non-REIT investment products, alleging that such contacts will damage Plaintiff's business and trade on its confidential customer information and good will. Plaintiff seeks to enforce non-solicitation and confidentiality provisions in an Employment Agreement (Doc. 10-2 at 6) and a Covenants Agreement (Doc. 10-2 at 34) executed by Holland.

The non-solicitation provisions appear to be unreasonably broad. Read literally, they would prevent Defendant Holland from soliciting any form of business from any client of Plaintiff, anywhere in the world. The provision would apply to solicitations for purposes entirely unrelated to Plaintiff's REIT business, such as attempts to sell computer software or landscaping services. The provision would also prohibit Defendant Holland from contacting customers of Plaintiff with whom he had no dealings while employed by Plaintiff. Apparently recognizing this over-breadth, Plaintiff asks the Court for narrower relief – prohibit Defendant Holland from contacting Plaintiff's customers, with whom he had personal dealings while employed at Plaintiff, for the purpose of selling Defendant Carlyle's investment products. Plaintiff essentially asks the Court to re-write the non-solicitation provisions to make them enforceable.

The Employment and Covenants Agreements are governed by Maryland and Arizona law, respectively. Neither state permits this Court to re-write non-solicitation provisions. *See Deutsche Post Global Mail, Ltd. v. Conrad*, 292 F. Supp. 2d 748, 757-58 (D. Md. 2003) (recognizing that under Maryland law, "blue penciling must be limited to the removal of offending language and cannot include the addition of words or phrases in an effort to make the restrictive covenant reasonable")[2]; *Valley Med. Specialists v. Farber*, 982 P.2d 1277, 1286 (Ariz. 1999) (holding that courts can eliminate grammatically severable, unreasonable provisions, but may not rewrite the agreement in

---

[2] The Maryland case cited by Plaintiff during the hearing, *Holloway v. Faw, Casson & Co.*, 552 A.2d 1311, 1327 (Md. Spec. App. 1989), was reversed on appeal without approval of the flexible approach discussed by Plaintiff, *see* 572 A.2d 510, 524 (Md. App. 1990), and has not been followed by subsequent Maryland cases. *See Deutsche Post Global Mail*, 292 F. Supp. 2d at 757.

an attempt to make it enforceable). Because revising the non-solicitation provisions to achieve the narrowing suggested by Plaintiff would require far more than removing offending words or phrases, the Court concludes that Plaintiff is not likely to succeed in enforcing the provisions.

Nor can the Court conclude that Plaintiff is likely to succeed in enforcement of the confidentiality provisions. The provisions are very broad, prohibiting Defendant Holland from using or sharing "Confidential Information," which is defined to include names, lists, "other information relating to customers," strategy and business plans, "tactics," marketing and development plans, "marketing techniques," any information which Plaintiff "treats as proprietary," any information Defendant Holland "should reasonably have known to be confidential," and "other information of a similar nature." Doc. 10-2 at 17-18. In addition, the confidentiality provisions contain no time limitation. Thus, if the provisions do in fact prevent Holland from calling on Plaintiff's customers as Plaintiff contends, they do so forever, a limitation that would not survive scrutiny under Maryland or Arizona law. *See Silver v. Goldberger*, 188 A.2d 155, 158 (Md. 1963) (restrictive employment covenants "will be sustained if the restraint is confined within limits which are no wider as to area and duration than are reasonably necessary for the protection of the business of the employer"); *Amex Distrib. Co., Inc. v. Mascari*, 724 P.2d 596, 603 (Ariz. App. 1986) ("While a true trade secret is entitled to protection of indefinite duration, the same is not true of customer information, especially in a field where customers are known and generally accessible to competitors. . . . [P]aragraph 6 of the Employment Agreement simply boils down to a noncompetition covenant, which is wholly without temporal limitation" and is therefore unenforceable) (citations omitted). And as noted above, under Maryland and Arizona law, the confidentiality provisions cannot be narrowed through re-writing or the insertion of a time limitation not included by the parties.

In sum, Plaintiff has not shown that it is likely to succeed on its claim that the non-solicitation and confidentiality provisions are enforceable. As a result, Plaintiff's request

for a TRO must be denied.

**IT IS ORDERED** that Plaintiff's amended application for temporary restraining order (Doc. 10) is **denied**.

Dated this 8th day of April, 2014.

*David G. Campbell*
──────────────────────────────
David G. Campbell
United States District Judge