**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Realty Capital Properties Incorporated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Jeffrey C. Holland, et al.,<br><br>　　　　　　Defendants. | No. CV-14-00673-PHX-DGC<br><br>**ORDER** |

Plaintiff American Realty Capital Properties, Inc. ("ARCP") has filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(4). Doc. 43. Specifically, Plaintiff seeks relief from the Court's award of attorneys' fees to Defendants Jeffrey C. Holland ("Holland") and The Carlyle Group, LP ("Carlyle"). *See* Doc. 39. Plaintiff argues that the Court's award is void because the Court lacked subject-matter jurisdiction over the case. The Court will grant the motion.

**I.     Background.**

On April 1, 2014, Plaintiff ARCP filed a complaint against Defendants Holland and Carlyle. Doc. 1. According to the complaint, Holland had agreed to work part-time for ARCP. *Id.*, ¶ 32. Holland had also signed an agreement with ARCP prohibiting him from using confidential information and soliciting former clients. *Id.*, ¶¶ 27-36. Holland then went to work for Carlyle, placing him in a position where he could potentially break his agreement with ARCP. *Id.*, ¶¶ 37-43. Plaintiff alleged claims for breach of contract and fraud in the inducement against Holland, as well as a claim for tortious interference

with contractual relations against Carlyle. *Id.*, ¶¶ 47-63. Plaintiff asserted that this Court had subject-matter jurisdiction based on diversity of citizenship. *Id.*, ¶ 4; *see* 28 U.S.C. § 1332. Plaintiff alleged that ARCP was a corporation organized in Maryland with its principal place of business in New York. Doc. 1, ¶ 1. Plaintiff alleged that Holland was a citizen of Arizona and that Carlyle was a limited partnership organized in Delaware with its principal place of business in Washington, D.C. *Id.*, ¶¶ 2-3.

On April 2, 2014, Plaintiff moved for a temporary restraining order. Doc. 9. Plaintiff sought to restrain Holland from soliciting ARCP's clients and to restrain Holland and Carlyle from using ARCP's confidential information. *Id.* at 15-16. In their response to this motion, Defendants expressed concern that there was a lack of diversity of citizenship. Doc. 16 at 18-19. They noted that Carlyle is a limited partnership and that Plaintiff had not alleged the citizenship of Carlyle's partners. *Id*. Furthermore, they suggested dismissing Carlyle as a dispensable party. *Id.* At the hearing for the temporary restraining order, the Court asked Plaintiff's counsel about this issue. Doc. 27 at 22. Plaintiff's counsel responded:

> I don't believe that at this point they can challenge jurisdiction based upon a – the possibility that someone is there. If that's the case, then at another stage, we can address that. But I don't have any evidence before me other than a hunch, and I don't think that's sufficient for the Court to hold off on action vis-a-vis Carlyle.

*Id.* Ultimately, the Court denied Plaintiff's motion for a temporary restraining order on other grounds. Doc. 23.

Plaintiff then voluntarily dismissed its action against Defendants. Doc. 24. Plaintiff later noted that a reason it had voluntarily dismissed the case was because Defendants indicated a possible lack of diversity of citizenship. Doc. 31 at 7. Subsequently, Defendants filed a motion for attorneys' fees. Doc. 28. On July 24, the Court granted in part the request for attorneys' fees. Doc. 39. On August 5, Defendants moved for an entry of final judgment on the award of attorneys' fees. Doc. 40. On August 21, Plaintiff filed this motion for relief from the Court's judgment granting attorneys' fees. Doc. 43. In their response, Defendants argue that Plaintiff's motion

1  should be denied for three reasons: (1) Plaintiff has failed to meet the high standard to
2  void a judgment for lack of jurisdiction under Rule 60(b)(4); (2) Res judicata bars
3  Plaintiff's claim that the Court lacks jurisdiction; and (3) Plaintiff should be judicially
4  estopped from arguing that the Court lacks jurisdiction.

**II.    Rule 60(b)(4).**

Under 28 U.S.C. § 1332, Congress has "authorized the federal courts to exercise jurisdiction based on the diverse citizenship of parties." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Under this statute, a federal court has jurisdiction if the amount in controversy is more than $75,000 and "each plaintiff is diverse from the citizenship of each defendant." *Caterpillar*, 519 U.S. at 68. If a court determines that the parties are not diverse, and there is no other basis for federal jurisdiction, the court must dismiss the case. *See* Fed. R. Civ. P. 12(h)(3). Indeed, the "objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004) (noting that subject-matter jurisdiction challenges may be raised for the first time on appeal). A "court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007); *see also In re Knight*, 207 F.3d 1115, 1117 (9th Cir. 2000).[1]

After a federal district court has entered a judgment, a party may still challenge the judgment at the district court level for lack of subject-matter jurisdiction. To do so, the

---

[1] The Court notes that in *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877 (9th Cir. 2000), the court upheld an award of attorneys' fees even though the lower court had dismissed the underlying case for lack of subject-matter jurisdiction. *Id.* at 887-88. *Kona* did not mention or discuss numerous Ninth Circuit cases that have reached an opposite conclusion. *See Latch v. United States*, 842 F.2d 1031, 1033 (9th Cir.1988); *Branson v. Nott*, 62 F.3d 287, 292-93 (9th Cir. 1995); *Smith v. Brady*, 972 F.2d 1095, 1097 (9th Cir. 1992). District courts that have addressed *Kona* have not followed its precedent. *See, e.g.*, *Skaaning v. Sorensen*, 679 F. Supp. 2d 1220 (D. Haw. 2010); *Archer v. Silver State Helicopters, LLC*, No. 06CV1229-JAH(RBB), 2007 WL 4258237 (S.D. Cal. Dec. 3, 2007).

party should file a motion under Federal Rule of Civil Procedure 60(b)(4). This rule provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the [reason that] the judgment is void." *Id.*

The Supreme Court has addressed the appropriate legal standard under Rule 60(b)(4) only once. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), *aff'g* 553 F.3d 1193 (9th Cir. 2008). The Court stated:

> 'A judgment is not void,' for example, 'simply because it is or may have been erroneous.' . . . Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction.

*Id.* at 270-71 (citing *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986); *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661-62 (1st Cir. 1990) ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and . . . only rare instances of a clear usurpation of power will render a judgment void.")).

Consistent with this analysis, lower courts have erected high standards against attacks on judgments under Rule 60(b)(4). *See, e.g.*, *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005); *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342 (10th Cir. 2000); *Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir. 1985); *Kansas City S. Ry. Co. v. Great Lakes Carbon Corp.*, 624 F.2d 822 (8th Cir. 1980). Courts have set these high standards out of respect for the finality of judgments and a concern that litigants will use Rule 60(b)(4) to circumvent the appellate process.

This case presents no challenge to a final judgment and no risk of circumventing the appeal process – the Court has not entered a final judgment and the time for appeal has not expired. Thus, the policy considerations underlying the high standard applied to Rule 60(b)(4) motions are lacking. Instead, the Court is confronted with a non-final order and an undisputed assertion that it lacks subject matter jurisdiction. In such a situation, vacating the prior order is the correct course. To do otherwise would require Plaintiff to

file an appeal and the parties to incur additional litigation expenses, only to have the court of appeals conclude that the Court lacked subject matter jurisdiction to award fees. *See Skaff*, 506 F.3d at 837 ("A court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees."); *see also In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992) (Posner, J.) (finding that courts apply the higher standards under Rule 60(b)(4) only when "the loser has exhausted his appellate remedies"); *see also* Stephen E. Ludovici, *Rule 60(b)(4): When the Courts of Limited Jurisdiction Yield to Finality*, 66 Fla. L. Rev. 881 905-07 (2014) (recommending that courts apply a less onerous standard under Rule 60(b)(4) when a case is still pending).

Plaintiff has presented uncontroverted evidence that one of Defendant Carlyle's limited partners – BAMCO, a New York corporation holding a limited partnership interest in Carlyle – is a citizen of New York. *See* Doc. 43-1. A limited partnership is a citizen of each state where any of its individual partners is a citizen. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569 (2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192-95 (1990)). The Court accordingly lacks diversity jurisdiction over this case.[2]

**III.   Res Judicata.**

"Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." *United States ex rel. Barajas v. Northrup Corp.*, 147 F.3d 905, 909 (9th Cir. 1998). Thus, res judicata applies "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.,* 298 F.3d

---

[2] The Court acknowledges Defendants' concern that a plaintiff might "bring claims premised on uncertain jurisdiction, only to develop a jurisdictional challenge in the event the Court rules against it on the merits." Doc. 44 at 10. This concern, however, cuts both ways. A plaintiff who wins a claim premised on uncertain jurisdiction bears the risk of having the favorable judgment voided for lack of subject matter jurisdiction.

1137, 1143 n.3 (9th Cir. 2002).  Res judicata may preclude a collateral attack on a court's subject-matter jurisdiction when the parties have had a "full and fair opportunity to litigate jurisdiction before the district court."  *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002); *see Kontrick v. Ryan*, 540 U.S. 443, 455 n.9 (2004).  If a court decides a question of subject-matter jurisdiction, a party should directly appeal that decision and not relitigate it in a collateral proceeding.  *See, e.g.*, *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009); *Fischel*, 307 F.3d at 1005-06.

The Court finds that res judicata does not bar Plaintiff's Rule 60(b)(4) motion for two reasons.  First, the Court did not enter a final judgment on the merits of Plaintiff's claims.  Rather, Plaintiff voluntarily dismissed its case without prejudice.  Doc. 24.  Second, the Court never explicitly decided the question of subject-matter jurisdiction.  Although the parties raised the issue and the Court questioned Plaintiff's counsel about it, the Court never decided the matter.  This distinguishes *Fischel*, on which Defendants rely.  In *Fischel*, the district court denied plaintiffs' motion to remand, explicitly finding that it had jurisdiction.  307 F.3d at 1003.  Plaintiffs never appealed that decision, but rather appealed an award of attorneys' fees on the grounds that the district court lacked jurisdiction to award the fees.  *Id.* at 1005.  The Ninth Circuit held that plaintiffs could not "relitigate in an attorney's fee proceeding the determination of subject matter jurisdiction in the underlying action."  *Id.*; *see also Zambrano v. INS*, 282 F.3d 1145, 1151 (9th Cir. 2002).  Here, there was no determination of subject-matter jurisdiction for Plaintiff to relitigate.

**IV.  Judicial Estoppel**

The Court considers three factors in deciding whether the doctrine of judicial estoppel prevents a party from taking a particular position: (1) whether a party's earlier position in clearly inconsistent with its later position; (2) whether the party has persuaded a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first court or the second court was misled; and (3) whether the party seeking to assert an inconsistent

1  position would receive an unfair advantage or impose an unfair detriment on the
2  opposing party if not estopped. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001);
3  *see Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-83 (9th Cir. 2001).
4  These factors are not "inflexible prerequisites or an exhaustive formula for determining
5  the applicability of judicial estoppel," *New Hampshire*, 533 U.S. at 751, but rather are
6  factors to assist the Court in exercising its discretion.

7  The first and third elements of judicial estoppel arguably are satisfied: Plaintiff has
8  changed its position on the issue of subject-matter jurisdiction (Plaintiff previously
9  claimed that the Court had jurisdiction over this case), and Plaintiff's change in position
10 could give it an unfair advantage should the Court vacate the fee award. But the second
11 element is not satisfied. Plaintiff did not persuade the Court to accept its earlier position.
12 As already noted, the parties did not litigate and the Court did not decide the issue of
13 diversity jurisdiction. This was due at least in part to Defendants' failure to contest
14 subject-matter jurisdiction beyond expressing doubts. *See* Doc. 16 at 18-19. The Court
15 accordingly concludes that Plaintiff's motion is not barred by judicial estoppel.

16 **V.    Conclusion.**

17 "The objection that a federal court lacks subject-matter jurisdiction . . . may be
18 raised by a party . . . at any stage in the litigation, even after trial and the entry of
19 judgment." *Arbaugh*, 546 U.S. at 506. The Court finds that it lacks subject-matter
20 jurisdiction and will vacate its fee award and terminate this action.

21 **IT IS ORDERED** that the Plaintiff's motion for relief from judgment (Doc. 43) is
22 **granted**. Defendants' motion for entry of final judgment on award of attorneys' fees
23 (Doc. 40) is found to be **moot**. The Court's previous fee award (Doc. 39) is vacated. The
24 Clerk is directed to terminate this action.

25 Dated this 8th day of October, 2014.

*[Signature]*
David G. Campbell
United States District Judge